UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CASEY WILLIAM HARDISON,<br><br>                           Petitioner,<br>     v.<br>NATHAN CARMICHAEL,<br><br>                           Respondents. | Case No. 3:24-cv-00415-ART-CLB<br><br>ORDER |

      *Pro se* Petitioner Casey William Hardison commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1, 1-2, 1-3) under 28 U.S.C. § 2241 challenging a bench warrant issued by a state district court of Wyoming. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court dismisses the § 2241 petition without prejudice.

**Background**

      Hardison was convicted of two counts of delivery of a controlled substance under a Wyoming statute. ECF No. 1-3. Hardison asserts that he has been convicted but is awaiting sentencing. ECF No. 1-1 at 2. The Wyoming state district court ordered Hardison to appear for a hearing on his motion to reduce or modify sentence in June 2022. ECF No. 1-3. Because Hardison failed to appear, the Wyoming state district court issued a bench warrant. *Id.*

      Hardison argues that the bench warrant is attempting to enforce a Wyoming state law that is facially invalid under the Wyoming state constitution and violates Due Process and Equal Protection Clauses of the United States

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

1  Constitution. ECF No. 1-1 at 5. It is unclear whether Hardison is requesting that
2  this Court quash the bench warrant or if he is challenging his Wyoming state
3  conviction.

**Discussion**

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Hardison's petition is subject to multiple defects. To state a claim a habeas petitioner must demonstrate that he is entitled to release from confinement because he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). First, to the extent that Hardison is challenging his Wyoming state court conviction, he must file a habeas petition under 28 U.S.C. § 2254. Section 2241 is the proper basis for a habeas petition by a state prisoner who is not held "pursuant to the judgment of a State court," for instance a pre-trial detainee, a prisoner awaiting extradition, or a prisoner whose conviction has been reversed on appeal. *See Hoyle v. Ada County*, 501 F.3d 1053, 1058 (9th Cir. 2007).

Second, to the extent Hardison is requesting that this Court quash the bench warrant issued by the Wyoming state district court, the petition improperly seeks federal judicial intervention in a pending state criminal proceeding. The *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). The United

States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). Irreparable injury does not exist if the threat to a petitioner's federally protected rights may be eliminated through his or her defense of the criminal case. *Younger*, 401 U.S. at 46.

Third, Hardison has not alleged or demonstrated that he properly and fully exhausted his state court remedies. A state defendant seeking federal habeas relief must fully exhaust his state court remedies before presenting his constitutional claims to the federal courts. *E.g., Arevalo v. Hennessy*, 882 F.3d 763, 764–67 (9th Cir. 2018) (finding that California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court). The exhaustion requirement ensures that state courts, as a matter of federal-state comity, will have the first opportunity to review and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). As a general rule, a federal court will not entertain a petition seeking intervention in an ongoing state criminal proceeding absent extraordinary circumstances, even when a petitioner's claims were otherwise fully exhausted in the state courts. *E.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980).

No extraordinary circumstances are presented here. To the extent, Hardison is challenging the bench warrant, abstention is required. To the extent that Hardison is challenging his Wyoming state convictions, Hardison must file a petition under 28 U.S.C. § 2254. Further, Hardison has failed to exhaust his state court remedies.

**Conclusion**

**IT THEREFORE IS ORDERED:**

1. Petitioner Casey William Hardison's petition for writ of habeas corpus (ECF Nos. 1-1, 1-2, 1-3) is dismissed without prejudice.
2. Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.
3. The Clerk of the Court is directed to enter final judgment accordingly and close this case.

DATED THIS 24th day of October, 2024.

                                         _____
                                         ANNE R. TRAUM
                                         UNITED STATES DISTRICT JUDGE